**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Fishman, | No. 07-0590-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Spring Valley Apartments, | |
| Defendant. | |

Plaintiff Stanley Fishman has filed an amended complaint and a second motion to proceed in forma pauperis. Dkt. ##5-6. For the reasons set forth below, the Court will dismiss the amended complaint without prejudice and deny the motion to proceed in forma pauperis as moot.

**I.   Dismissal of the Complaint.**

Plaintiff commenced this action by filing a pro se complaint against Defendant Spring Valley Apartments on March 20, 2007. Dkt. #1. On March 27, 2007, the Court dismissed the complaint without prejudice for failure to allege facts that would support federal subject matter jurisdiction. Dkt. #4 at 2. The Court clearly outlined the requirements for subject matter jurisdiction and noted the deficiencies in Plaintiff's complaint. *Id.*

Plaintiff filed an amended complaint on April 6, 2007. Dkt. #5. The only substantive amendment to the complaint is Plaintiff's assertion that the events took place in Mayer, AZ. *Id*. This fact is insufficient to establish subject matter jurisdiction.

Plaintiff may attempt to establish subject matter jurisdiction in one of two ways. First, he may allege a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of jurisdiction is called federal question or "arising under" jurisdiction.

Second, Plaintiff may allege diversity jurisdiction. To do so, Plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of a different state than the corporation that owns Defendant Spring Valley Apartments. 28 U.S.C. § 1332(a). Plaintiff should note that a corporation is deemed to be a citizen only of the state in which it is incorporated or the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). If Plaintiff believes that the Court has diversity jurisdiction over his case, Plaintiff must clearly show that Defendant and he are citizens of different states and that the amount in controversy is greater than $75,000.

Because Plaintiff has failed to establish that the Court possesses subject matter jurisdiction, the Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that properly invokes the Court's jurisdiction. This is the last chance Plaintiff will have. If Plaintiff does not file a properly amended complaint, the Court will dismiss the complaint without leave to amend. Plaintiff shall have until **Friday, May 11, 2007** to file an amended complaint.

**II.     Plaintiff's Motion to Proceed In Forma Pauperis.**

Because the complaint will be dismissed for lack of jurisdiction, the Court will deny as moot Plaintiff's motion to proceed in forma pauperis. Plaintiff may file another motion to proceed in forma pauperis if he decides to file an amended complaint as permitted by this order.

**IT IS ORDERED:**

1. Plaintiff's amended complaint (Dkt. #5) is **dismissed** without prejudice for lack of subject matter jurisdiction.
2. Plaintiff has until **May 11, 2007** to file an amended complaint.
3. Plaintiff's amended motion to proceed in forma pauperis (Dkt. #6) is **denied** as moot.

DATED this 24th day of April, 2007.

_____
David G. Campbell
United States District Judge